IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:18-CR-006(28) |
| VS. | § | |
| | § | |
| TYLER JACOB GEHRKE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Tyler Jacob Gehrke ("Gehrke") pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On August 9, 2019 the court sentenced him to 150 months' imprisonment to be followed by 5 years of supervised release. On December 27, 2021 Gehrke filed a "motion for a 1013 or smarter sentencing act for a 841." Concluding that Gehrke's motion appeared to seek compassionate release, the court on January 6, 2022 ordered the clerk of court to mail Gehrke a copy of form AO 250. Using form AO 250, Gehrke then filed on January 25, 2022 a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court will treat the December 27, 2021 and January 25, 2022 filings as two motions for compassionate release that seek sentence reductions and will deny the motions for the reasons that follow.

I

The court primarily denies Gehrke's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because he has not exhausted his

administrative remedies.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1. When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

As the Fifth Circuit held in *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020), the language of § 3582(c)(1)(A) "is mandatory. Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP." *Id.* at 468 (quoting 18 U.S.C. § 3582(c)). "[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" *United States v. Delgado*, 2020 WL 2542624, at *1 (N.D. Tex.

May 19, 2020) (Boyle, J.) (quoting *United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020)). Accordingly, the rule in the Fifth Circuit is clear: "all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts." *Franco*, 973 F.3d at 468.

Gehrke concedes in his January 25, 2022 motion that—due to his own ignorance about the requirements of the law—he did not submit a request for compassionate release to the warden of his facility. Accordingly, because Gehrke has not shown that he has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), the court denies his motion.

II

Alternatively, even if the court were to conclude that Gehrke had exhausted his remedies, it would deny his motion on the merits.

A

Gehrke has failed to demonstrate that "extraordinary and compelling" reasons warrant a sentence reduction in this case. *See* § 3582(c)(1)(A). He candidly acknowledges in his motion that he does not believe there are extraordinary and compelling reasons for his release, and he instead requests compassionate release "[t]o acquire relief and work [his] way into society to come a better citizen and to father [his] children by working hard and . . . to be responsible." D. Jan. 25, 2022 Mot. 5. The court is not persuaded that Gehrke has demonstrated extraordinary and compelling reasons that are sufficient to justify his release. Nevertheless, in light of the court's decision below that, considering the § 3553(a) factors,

Gehrke should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

B

The court now turns to the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Gehrke is currently serving a 150-month sentence for committing a serious federal offense. At the time of sentencing, he fell into criminal history category VI as a result of having more than 20 prior convictions. He is not eligible for release from prison until December 12, 2028. If the court grants Gehrke's motion, it will be ordering him released over six years before he would otherwise be eligible. Not only would Gehrke's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Gehrke fails to argue or provide any evidence that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Gehrke's relevant offense conduct, including his multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention

that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Gehrke is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

* * *

Accordingly, for the reasons explained, the court denies Gehrke's December 27, 2021 and January 25, 2022 motions for compassionate release.

**SO ORDERED**.

May 4, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE